**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>Dale Jean Cook,<br><br>                              Debtor. | Case No. 24-32112-KHK<br><br>Chapter 7 |
| Dale Jean Cook,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION | Adv. Proc. No.: |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

COMES NOW the Plaintiff, Dale Jean Cook (the "Debtor" or "Plaintiff"), by counsel, pursuant to 11 U.S.C. § 523(a)(8), Rule 7001, and Rule 4007 of the Federal Rules of Bankruptcy Procedure, and moves this Court to determine that the obligation owed by Plaintiff to the United States Department of Education ("U.S. Dept. of Ed.") imposes an undue hardship and as such is not excepted from discharge pursuant to 11 U.S.C. § 523(a)(8) and to enter a judgment discharging the obligation. In support thereof, Plaintiff respectfully represents as follows:

Kathryne M. Shaw (VSB #89561)
Boleman Law Firm, P.C.
4525 South Boulevard Suite 201
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor/Plaintiff

**Jurisdiction and Venue**

1. Jurisdiction of this Court over the instant motion is based upon 28 U.S.C. §§ 157 and 1334, as this action arises in and relates to the Plaintiff's bankruptcy case.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (K).

3. Venue is proper pursuant to 28 U.S.C. §1409.

**Parties**

4. Dale Jean Cook is an individual living in Midlothian, Virginia.

5. Defendant United States Department of Education is the owner of the Plaintiff's student loans.

**Factual Background**

6. On June 4, 2024, Plaintiff, by counsel, filed a voluntary petition for relief under Chapter 13 of the U.S. Bankruptcy Code in this Court (the "Petition Date").

7. On October 16, 2025, Plaintiff filed her Notice of Voluntary Conversion from Chapter 13 to Chapter 7.

8. On October 17, 2025, the Court entered the Order Upon Conversion of Chapter 13 to Chapter 7.

9. As of the Petition Date, the Plaintiff owed, and continues to owe, an obligation in the approximate amount of $76,471.30 the U.S. Dept. of Ed., for student loans made by the U.S. Dept. of Ed. to the Plaintiff (the "Student Loans").

10. Plaintiff listed the U.S. Dept. of Ed. as an unsecured creditor with a claim in the approximate amount $75,719.00 in Schedule F of her Voluntary Petition (Docket Item #1).

11. Plaintiff has a total of 2 individual student loans from U.S. Dept. of Ed. These two loans were consolidated in 2022 from Debtor's original student loans obtained when she was in school. Debtor's original student loans were for school in 1975 and then for school in 2010-2014.

12. The original Student Loans amount for the loans from 1975 was $4,000.00. The original Student Loan amounts for the loans from 2010-2014 was $56,575.00.

13. The original term of the standard repayment period for the loans is a period of ten (10) years, or until November 2025 for the most recent student loan.

14. Plaintiff attended Community College of Beaver County in 1975. Plaintiff later attended Belmont Abby College to obtain a Bachelor in Arts in Early Childhood.

15. Plaintiff graduated from Belmont Abby College in Summer of 2015.

16. Plaintiff was working when her Chapter 13 Plan was filed but due to medical issues/conditions, she is unable to continue her work as a nurse. She is retired and is only receiving Social Security Income.

17. Plaintiff made prior periodic payments on the student loans since repayment began. Plaintiff applied for income based repayment plans. She received multiple forbearances and deferment of payment during her repayment periods and has defaulted on her student loans in the past.

18. Due to Plaintiff's current income and expenses, she is unable to make payments on her Student Loan while maintaining a minimal standard of living.

19. Plaintiff's income and expense situation is not likely to substantially change in the future and as such, Plaintiff is unlikely to have a future ability to make payments on the Student Loan while maintaining a minimal standard of living.

20. Plaintiff's current and future income and expenses situation is such that she will not be able to pay off her loan balances within the repayment term of the student loans.

21. Plaintiff does not have any assets of value that could be liquidated in order to pay the Student Loan.

## Cause of Action

22. The allegations of paragraphs 1 through 21 are incorporated by reference.

23. The Student Loans are an educational benefit loan made, insured, and guaranteed by a governmental unit.

24. The Student Loans impose an undue hardship upon the Plaintiff and as such is not excepted from discharge pursuant to 11 U.S.C. § 523 (a)(8).

WHEREFORE, Plaintiff prays that this Court enter an Order determining that the Student Loans impose an undue hardship on Plaintiff, that the Student Loans are not excepted from discharge pursuant to 11 U.S.C. § 523 (a)(8), that the Student Loans are discharged; and grant such other relief as the Court deems appropriate.

Respectfully submitted,

Dale Jean Cook

By: /s/   Kathryne M. Shaw

Kathryne M. Shaw (VSB #89561)
Boleman Law Firm, P.C.
4525 South Boulevard Suite 201
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor/Plaintiff